Patrick A. Swindell
Swindell Law Firm
106 SW 7th Ave.
Amarillo, TX 79101
(806) 374-7979
(806) 374-1991 FAX

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **EDWARD L. YOST** | § | **CASE NO.  19-20143-RLJ-13** |
| and | § | |
| **TERRY JEAN YOST** | § | |
| | § | |
| | § | |
| **DEBTORS** | § | |

### DEBTORS APPLICATION FOR EMPLOYMENT OF ATTORNEYS

Edward L. Yost and Terry Jean Yost, Debtors in the above styled case, respectfully represent that:

1. Debtors herein wish to employ Freeman & Nance P.L.L.C. and Smith Wilson Law Firm PC as their attorneys in a personal injury and negligence case resulting from the construction of their home.

2. Said lawyers are well qualified to act as counsel in Debtors case.

3. Debtors cannot represent themselves in this case and it is necessary that they employ special counsel.

4. The professional services to be rendered include all legal services that are necessary or may be necessary in the pending legal proceeding.

5. The compensation for  attorneys will be based on Debtors net recovery as set forth in attached retainer agreement.

6. To the Applicants knowledge, Freeman & Nance P.L.L.C. and Smith Wilson Law Firm PC, do not have nor do they represent any interest of any creditor, other party in interest,

their attorneys or accountants, the United States Trustee or any person employed in the office of

the United States Trustee in any manner which would create or represent an interest which is

adverse to the estate of the Debtor-in-Possession in connection with the matters upon which the

law firm is  to be engaged.

WHEREFORE, Debtors pray that it be authorized to retain Freeman & Nance P.L.L.C. and

Smith Wilson Law Firm PC as special counsel in the subject case.

Dated:  October 8, 2020

> Swindell Law Firm
> 106 SW 7th Ave.
> Amarillo, TX 79101
> (806) 374-7979
> (806) 374-1991 Fax

> /s/ Patrick A. Swindell
> Patrick A. Swindell; SBN 19587450
> Attorney for Debtors

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 8, 2020, a true and correct copy of the foregoing Application for Employment of Attorney was served on the attached mailing matrix.

> /s/ Patrick A. Swindell
> Patrick A. Swindell

Patrick A. Swindell
Swindell Law Firm
106 SW 7th Ave.
Amarillo, TX 79101
(806) 374-7979
(806) 374-1991 FAX

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

IN RE: §
§
§
EDWARD L. YOST § CASE NO. 19-20143-RLJ-13
and §
TERRY JEAN YOST §
§
§
DEBTORS §

## VERIFIED STATEMENT OF ATTORNEY

Pursuant to 11 U.S.C. 329(a) and the Bankruptcy Rules 2014(a) and 2016(b), Mark Wilson, the Attorney, on behalf of himself, being of lawful age, state and declare under penalty of perjury as follows:

1.     The Attorney is admitted to practice law in the State of Texas and before the United States District Court for the Northern District of Texas.

2.     The Attorney and his firm is disinterested person, as that term is defined in the Bankruptcy Code, and do not hold or represent an interest adverse to the estate with respect to the matter on which they are to be employed.

3.     The Attorney has entered into a written agreement with Edward L. Yost and Terry Jean Yost, the Debtors, regarding the services to be performed for the Debtors in connection with its case and the compensation to be paid for such services. A copy of this agreement is attached to the Application for Order Approving Employment of Attorney has been filed with the Court.

4.     The Attorney nor his firm has shared or agreed to share any portion of the compensation paid or to be paid in connection with this case with any other persons.

5.     To the best of my knowledge, Attorney and his firm, has the following connections with the Debtors, their creditors, other parties in interest, their respective attorneys and accountants, the United State Trustee, and persons employed in the office of the United States Trustee:

   a. The Debtor: The Attorney has represented the Debtors for approximately 11 months.

   b. The Creditors of the Debtor: The Attorney has not nor are they now representing any creditor of the Debtors.

   c. Attorney and Accountant: The Attorney does not have any connections with the attorneys or accountants of any party in interest.

   d. United States Trustee: The Attorney does not have any connections with the United States Trustee or any person employed in the office of the United States Trustee.

6.     The Attorney and his firm understand that there is a continuing duty to disclose any adverse interest that may arise or be discovered during the course of their case.

Dated: /0 · 8 - 2020

_Mark Wilson_, Attorney
Smith Wilson Law Firm PC
308 17th St.
Canyon, TX 79015

SWORN TO AND SUBSCRIBED TO BEFORE ME by Mark Wilson this _8th_ day of October 2020.

TAMME AURELI
Notary Public, State Of Texas
Notary ID #485989-8
My Commission Expires 05-24-2021

_____
Notary Public in and for State of Texas

Patrick A. Swindell
Swindell Law Firm
106 SW 7th Ave.
Amarillo, TX 79101
(806) 374-7979
(806) 374-1991 FAX

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **EDWARD L. YOST** | § | CASE NO.   19-20143-RLJ-13 |
| and | § | |
| **TERRY JEAN YOST** | § | |
| | § | |
| | § | |
| **DEBTORS** | § | |

### VERIFIED STATEMENT OF ATTORNEY

Pursuant to 11 U.S.C. 329(a) and the Bankruptcy Rules 2014(a) and 2016(b), Greg S. Freeman, the Attorney, on behalf of himself, being of lawful age, state and declare under penalty of perjury as follows:

1.      The Attorney is admitted to practice law in the State of Texas and before the United States District Court for the Northern District of Texas.

2.      The Attorney and his firm is disinterested person, as that term is defined in the Bankruptcy Code, and do not hold or represent an interest adverse to the estate with respect to the matter on which they are to be employed.

3.      The Attorney has entered into a written agreement with Edward L. Yost and Terry Jean Yost, the Debtors, regarding the services to be performed for the Debtors in connection with its case and the compensation to be paid for such services. A copy of this agreement is attached to the Application for Order Approving Employment of Attorney has been filed with the Court.

4.      The Attorney nor his firm has shared or agreed to share any portion of the compensation paid or to be paid in connection with this case with any other persons.

5.      To the best of my knowledge, Attorney and his firm, has the following connections with the Debtors, their creditors, other parties in interest, their respective attorneys and accountants, the United State Trustee, and persons employed in the office of the United States Trustee:

a.  **The Debtor:** The Attorney has represented the Debtors for approximately 11 months.

b.  **The Creditors of the Debtor:** The Attorney has not nor are they now representing any creditor of the Debtors.

c.  **Attorney and Accountants:** The Attorney does not have any connections with the attorneys or accountants of any party in interest.

d.  **United States Trustee:** The Attorney does not have any connections with the United States Trustee or any person employed in the office of the United States Trustee.

6.      The Attorney and his firm understand that there is a continuing duty to disclose any adverse interest that may arise or be discovered during the course of their case.

Dated:

Greg S. Freeman, Attorney
Freeman & Nance P.L.L.C.
2403 Line Ave.
Amarillo, TX 79106

SWORN TO AND SUBSCRIBED TO BEFORE ME by Greg S. Freeman this 8 ___ day of
October 2020.

Notary Public in and for State of Texas

VIRGINIA CAVE
My Notary ID # 3077226
Expires October 21, 2023

## POWER OF ATTORNEY AND EMPLOYMENT AGREEMENT

E·Y   19 6 St.

**DATE:** ~~5/22/19~~ 11/8/ 19

**CLIENT:** Edward and Terry Yost
11201 Perry Lane
Amarillo, Texas 79119

### ATTORNEYS RETAINED:

Freeman & Nance, P.L.L.C. and the Smith Wilson Law Firm, PC
2403 Line Ave.                      308 17th Street
Amarillo, Texas 79106               Canyon, Texas 79105
Tele: 806/372-7700                  806-372-7700
Fax: 806/373-4068

This agreement is entered into between the Client and the Attorneys to govern and define their attorney-client relationship. In consideration of the mutual promises herein, the Client and Attorneys agree as follows:

**1. SCOPE OF EMPLOYMENT:** Upon signing this Agreement, the Client employs, authorizes, and empowers the Attorneys to take all steps deemed necessary and appropriate by the Attorneys to obtain a satisfactory result in connection with the Client's claims; to investigate, claim, sue for, recover and collect all damages and compensation; and with consent of the Client, to compromise and settle all claims held by the Client, stemming from his personal injury at his residence 11201 Perry Lane Amarillo, Texas 79119 caused by a defective stairway on or about 07/05/2018.

The Attorneys will not perform any legal services or duties, or file a lawsuit, pertaining to the Client's workers' compensation claims, if any, arising from the July 5, 2018 incident. With respect to workers' compensation claims, the Attorneys have referred the Client to another lawyer.

The employment of the Attorneys is limited to such services as are necessary in connection with the matters identified above, and the Attorneys are not obligated to furnish any legal services not specifically encompassed by this Agreement. Any legal representation by the Attorneys on other matters, including collection efforts to collect a judgment obtained on the matters identified above, must be made the subject of a separate agreement. The Attorneys expressly represent to the Client that they have no competence or expertise in financial, tax, probate, and estate matters, and that they do not and will not provide advice or counsel on such matters. YOU SHOULD BE AWARE THAT UNDER FEDERAL LAW SOME OR ALL PROCEEDS OF A SETTLEMENT MAY BE TAXABLE FOR FEDERAL INCOME TAX PURPOSES.

**2. NO SOLICITATION OR ENCOURAGEMENT:** The Client fully understands that he may select any attorney of his choice, and that by signing this Agreement, he has willingly and freely chosen the Attorneys to represent him, without solicitation, undue influence, barratry, or encouragement. The Client agrees that this Agreement is fair, and was not made through undue influence or pressure.

**3. CAPACITY:** In spite of the severity of his injuries, the Client represents that he has the full capacity to enter into this Agreement and understands its terms.

**4. NO GUARANTEED OUTCOME:** The Client understands that the Attorneys have made no representations concerning the successful or favorable outcome of any suit, claim, or

negotiation filed or undertaken. The Attorneys have not promised or guaranteed that they will obtain reimbursement to the Client of any of his costs, fees, or expenses. The Attorneys have given and may in the future give their opinions or evaluation in making decisions regarding the conduct of the litigation, but such opinions and evaluations are not guarantees or warranties. The Client understands and agrees that the results of any lawsuit cannot be predicted with precision due to the variability of juror attitudes, judicial opinions, changes or clarification in the law, and unknown or unforeseen evidence.

5.     **COUNTERCLAIMS**: When a plaintiff sues a defendant, the defendant has the legal right to counterclaim or sue the plaintiff for any claims, valid or not, which it may have against plaintiff. The defendant may counterclaim on related or unrelated matters. The Attorneys have advised the Client that filing suit may precipitate the defendant filing a counterclaim. If the plaintiff's claims are not successful but the defendant's claims are, it is possible that the final result will be for the plaintiff to owe the defendant. Of course, many defendants file counterclaims with little or no merit, which they know they cannot win, merely to intimidate the plaintiff. The Client has considered this risk and chosen to proceed with his claims. The Attorneys have not agreed to pay or assume any liability or costs associated with any counterclaims.

6.     **TAXABLE COSTS OF COURT**: Under our judicial system, certain costs of litigation are usually charged or taxed to the losing party, and are referred to as taxable costs of court. The decision on which party is to be responsible for payment of taxable costs of court is made by the judge at the conclusion of the litigation. This liability is a risk of litigation to all parties. Taxable costs of court normally consist of the other parties' filing fees, service fees, deposition costs, witness fees, and costs of preparing transcripts of hearings and trial. The Client has been informed of this potential liability. The Attorneys have not agreed to pay or indemnify the Client for or from any taxable costs of court that may be assessed against him in Court.

7.     **ATTORNEYS' FEES AND ASSIGNMENT**: The Client hereby transfers, assigns, and conveys to the Attorneys, a fee, contingent on what is recovered, of one third percent (33.33%) of Client's net recovery realized if the case is settled before trial, 40 percent (40%) of any net amount received after trial. If any party perfects an appeal, the contingent attorney's fee shall be fifty percent (50%) of any net recovery realized by settlement, suit or judgment.

Net recovery means the total amount of money, property, rights, or reduction in or forgiveness of debt, actually recovered for the Client's claims, minus costs and expenses of litigation. Before the attorneys' fee percentage is applied, such expenses actually paid by the Client or advanced by the Attorneys shall first be reimbursed to the advancing party from any recovery and deducted from the total amount recovered to arrive at a net recovery, and the appropriate percentage shall be applied to that net recovery figure.

The contingent fee percentages described above shall apply to and be payable from any partial recovery received at any time prior to, during, or at the conclusion of the litigation contemplated herein. For example, should a recovery be obtained from only one of several defendants, accrued expenses and a contingent fee shall be payable at that time from that recovery, even though the claims against the other defendant may continue to be pursued thereafter.

The Client's ultimate liability for expenses of litigation incurred on Client's behalf is contingent upon a recovery on their claims. In other words, in the event there is no recovery on the Client's claims, the Attorneys will then be responsible for expenses advanced or paid by them and they will not seek reimbursement from the Client. The Attorneys will not, however, be liable for any costs incurred by other parties or persons in connection with the litigation, for which the Client may become liable, such as taxable court costs or attorney's fees.

The Attorneys may deem it necessary to associate with other attorneys to assist in the representation of Client in this matter. No other lawyer will be associated without Client's consent. In the event that occurs, the contingent attorney's fee described above will be divided among the Attorneys and any associated attorneys pursuant to a separate agreement between them. Neither that separate agreement nor the division of the fee shall affect the total fee to be paid by the Client pursuant to this agreement.

8.      **EXPENSES**: The Attorneys are authorized by the Client to incur those expenses the Attorneys deem reasonable and necessary to accomplish resolution of the Client's claims. The Attorneys agree to advance the expenses of investigating and litigating the Client's claim on a contingent basis. In the event of a recovery, such expenses will first be reimbursed to the Attorneys, with the remainder of the recovery to be divided between the Client and the Attorneys as set out above. In the event of no recovery, the Client will not be required to reimburse the Attorneys or repay any such advances of expenses by Attorneys.

**Power to Borrow Money to Pay Expenses:** The Attorneys may make arrangements with their lender to finance expenses, in the Attorneys' discretion. In connection with the handling of this matter, the Client authorizes Greg S. Freeman to act as attorney-in-fact to borrow money on the Client's behalf and in his name from the Attorneys' Lender, which is currently the First United Bank (Bank) of Amarillo, for purposes of paying or reimbursing reasonable and necessary expenses of litigation, including without limitation, deposition costs, record retrieval, witness expenses, expert witness fees and expenses, site investigations, filing fees, postal and delivery costs, travel and transportation costs, lodging and meals, telephone, facsimile and photocopy costs, expenses associated with demonstrative evidence and exhibit preparation, expenses associated with witness preparation and jury research or consulting, and interest incurred in financing of said expenses.

The Client is aware that the Attorneys may use the contract rights herein conveyed to the Attorneys as collateral to a lending institution to finance expenses in this case. The Client consents to the use of these contract rights as security for repayment of any such loan, and agree to cooperate as reasonably required to accomplish such financing of expenses. The Client agrees that any interest accruing on such a loan is an allowable expense of litigation in this case.

Greg S. Freeman, as attorney-in-fact, has full and complete power to delegate or to substitute any other attorney at law employed or associated with the law firm of FREEMAN & NANCE, P.L.L.C., for the performance of any act necessary and proper to be done in the exercise of the powers described above.

Greg S. Freeman, as attorney-in-fact, shall have full and complete power effective as of the date this agreement is signed, and shall remain in full force and effect until the completion of all services to be performed by the law firm of FREEMAN & NANCE, P.L.L.C., pursuant to this agreement to provide professional services in connection with this matter. The Client agrees that any third party who receives a copy of this document may act under it. Revocation of this power of attorney is not effective as to a third party until the third party receives actual notice of the revocation.

**Experts**:      All expert witness fees, expenses and retainers shall be payable and paid in the manner outlined above with respect to expenses. The Attorneys need not obtain the Client's written consent before hiring or retaining any expert witness on the Client's behalf.

The Attorneys are aware of the burden and expense that expert witnesses add to litigation. Nevertheless, the Attorneys specifically inform the Client that in many instances the work product and testimony of expert witnesses is important, and can be outcome determinative. Further, in regard to certain claims and defenses, expert testimony is absolutely required, and without such

expert testimony, there can be no legally sufficient evidence to support certain claims or defenses. The Client agrees that if the Attorneys determine that suitable expert testimony cannot be reasonably obtained, the Attorneys may withdraw from the Client's representation and terminate this contract with no further obligation.

9. **APPROVAL NECESSARY FOR SETTLEMENT:**  No settlement of any nature shall be made for the Client's claims without the Client's approval; nor shall the Client enter into any settlement on the claims without the Attorneys' written approval. All offers of settlement shall be communicated to the Client. While the ultimate decision of whether to accept or reject a settlement offer is for the Client, the Client agrees that if he refuses to act upon Attorneys' advice concerning a reasonable settlement, the Attorneys may withdraw from further representation of the Client.

10. **PERMISSION TO WITHDRAW**: If at any time the Attorneys determine that the claims should not be pursued further, the Client agree that the Attorneys may withdraw from representing the Client by sending written notice of the Attorneys' intent to withdraw, to the Client's address shown above or last known address. In the event that the Attorneys choose to withdraw, the Client shall not be obligated to pay any fees to the Attorneys.

11. **DISCHARGE OF ATTORNEYS:**  If the Attorneys are discharged by the Client prior to the conclusion of this representation, the Attorneys are entitled to then be compensated for reasonable services, costs, expenses and disbursements. Specifically the Attorneys' fee interest will be equal to the time ultimately expended by the Attorneys divided by the total attorney's time expended in this case times one-third (33-1/3%) of the net recovery if settlement is had before trial, forty percent (40%) if settlement or judgment is taken after trial, or fifty percent (50%) in the event of an appeal. This assignment will constitute a lien upon any proceeds ultimately recovered as a result of the claims or causes of action.

12. **SECURITY INTEREST IN RECOVERY:**  The Attorneys are granted a lien upon any recovery (whether it be money, property or otherwise) that may come to pass by compromise and settlement agreement, suit or judgment to secure the payment of fees and expenses.

13. **CONFLICTS AND DISCLOSURES:**  The Attorneys are not aware of any conflicts involving its representation of the Client with its past or current representation of other clients. In the event that Client ever becomes aware of a conflict, he agrees to immediately notify the Attorneys. In the event the Attorneys ever become aware of a conflict, they will immediately notify the Client. Upon such notice, the Attorneys will determine, in their sole discretion, the best course of action to take to resolve the conflict. Until a notice of conflict is given and received by the parties hereto, all the Attorneys' accrued fees and incurred expenses shall be earned and owed as set forth in this agreement, and not subject to disgorgement.

14. **CLIENT COOPERATION**:  The Client agrees to keep the Attorneys advised of any change of address, to appear at deposition and court appearances, and to file and deliver documents to the Attorneys, given reasonable notice.

15. **TEXAS LAW APPLIES:**  This Agreement shall be construed under and in accordance with the laws of the State of Texas. This Contract is enforceable in Potter County, Texas.

16. **PARTIES BOUND:**  This Agreement shall be binding upon the parties hereto, their respective heirs, assigns, successors, administrators, representatives, and executors.

17. **SOLE AGREEMENT, PRIOR AGREEMENTS SUPERCEDED:**  This Agreement represents the sole and only Agreement of the parties hereto and supersedes any prior understanding or written or oral agreements between the parties or their legal predecessors, concerning the subject matter. This Agreement may be amended only by written agreement signed by both parties. The Client represents that there are no written or oral agreements between the

Client and any other attorneys, lawyer or law firm concerning the representation of the Client in connection with the claims covered by this Agreement.

**18.** **SEVERABILITY AND ENFORCEMENT:** In case any one or more of the provisions in this Agreement shall for any reason be held by a Court to be invalid or unenforceable, such a holding will not affect any other provision of this Agreement, and this Agreement shall be construed as if such invalid or unenforceable provision had never been contained herein.

**19.** **IOLTA DISCLOSURE:** The Client is notified that any funds deposited in the firm trust account, including your funds, draw interest. The interest is paid by the depository to the Texas Equal Access to Justice Foundation under orders of the Texas Supreme Court. The Attorneys receive none of the interest nor any benefit from the Foundation except those benefits that all Texas citizens receive as a result of the services of the Foundation.

**20.** **CLIENT'S AUTHORITY TO CONTRACT:** The Client represents that he is the full owners of the claims and matters for which he has engaged the Attorneys; and that the Client has full authority without encumbrance to prosecute or settle the same in this contract of employment.

**21.** **ATTORNEYS' OBLIGATION TO THE COURT SYSTEM:** The Client hereby represents that he understands that the Attorneys have certain professional, ethical and legal obligations to the judicial system which prevents the Attorneys from advancing spurious claims or acting in any other manner which the Attorneys deem, in their sole discretion, would be a violation of professional, legal, or ethical standards. In the event of a conflict between the Attorneys and Client as to whether a proposed course of action violates or purports to violate these standards, resolution of that conflict shall be solely vested in the Attorneys. If the Client persists, at any time, in advancing a spurious claim or in acting in this matter in a manner which the Attorneys deem to lead it to a violation of their professional, ethical, or legal standards, the Attorneys may treat this contract as breached, may withdraw from the employment, may withdraw from the litigation in this matter provided for above, and shall be entitled to whatever rights the Attorneys would otherwise have for breach of contract.

In this connection, it is the Attorneys' intent to endeavor to comply with the Texas Lawyer's Creed, adopted by the Texas Supreme Court. Pursuant to that creed, the Attorneys are making Client aware of the creed by attaching a copy to this agreement.

**22.** **STATE BAR NOTICE TO CLIENT:** The State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys. Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar Office of General Counsel will provide you with information about how to file a complaint. For more information, please call 1/800/932-1900. This is a toll-free call.

**23. CONSENT TO ASSOCIATE:** Client agrees to the association of the Smith Wilson Law Firm in this matter.

**24. SIGNATURE:** By signing this Agreement below, the Client represents that he has read this entire Agreement, that the Client has had the opportunity to consult with other counsel concerning the terms of this Agreement, that he has had the opportunity to discuss and consider it fully, and that Client intends to be bound by all of its provisions.

SIGNED this 8th day of November , 2019

ATTORNEY:

_____
Freeman & Nance, PLLC

_____
Mark Wilson, Smith Wilson Law Firm, PC

CLIENT:

_____

Debtor(s):  Edward L. Yost
Terry Jean Yost

Case No:  19-20143-rlj-13
Chapter:  13

NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

Aarons
Bell St
Amamrillo Tx


Affirm Inc
Affirm Incorporated
PO Box 720
San Francisco, CA 94104


Capital One
Attn: Bankruptcy
PO Box 30285
Salt Lake City, UT 84130


Chase Card Services
Attn: Bankruptcy
PO Box 15298
Wilmington, DE 19850


Dept of Ed / Navient
Attn: Claims Dept
PO Box 9635
Wilkes Barr, PA 18773


Edward L. Yost
11201 Perry Lane
Amarillo, TX 79119


First Premier Bank
Attn: Bankruptcy
PO Box 5524
Sioux Falls, SD 57117


Focus Receivables Mana
Attn: Bankruptcy
1130 Northchase Parkway Ste 150
Marietta, GA 30067


Internal Revenue Service*
Centralized Insolvency Operatio:
PO Box 7346
Philadelphia, PA 19101-7346


Regional Fin
2644 Sw 34th Avenue
Amarillo, TX 79109


Robert Wilson
1407 Buddy Holly Ave.
Lubbock, TX 79401


Security Finance
Attn: Bankruptcy
PO Box 1893
Spartanburg, SC 29304


Swindell Law Firm
106 SW 7th Ave
Amarillo, TX 79101


Synchrony Bank/Walmart
Attn:  Bankruptcy
PO Box 965060
Orlando, FL 32896


Terry Jean Yost
11201 Perry Lane
Amarillo, TX 79119


US Trustee
William T. Neary
1100 Commerce St. Rm. 976
Dallas, TX 75242


Vanderbilt Mortgage
Attn: Bankruptcy
PO Box 9800
Maryville, TN 37802